UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESOR MALEKA NDANDU,<br><br>                            Plaintiff,<br><br>v.<br><br>SOLEDAD STATE PRISON, et al.,<br><br>                            Defendants. | Case No.: 24-CV-1466-CAB-KSC<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |

On August 19, 2024, Plaintiff Tresor Maleka Ndandu filed a complaint against Defendants Soledad State Prison, Sergeant Hink, two Unidentified Officers ("Unidentified Officer 1" and "Unidentified Officer 2"), and "Captain." Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [ECF No. 2]. For the reasons outlined below, the IFP motion is **DENIED**.

**I.    Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP

application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted).  The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In support of his application, Plaintiff avers that he has no income.  Plaintiff lists only one asset: a 2013 [Volkswagen Jetta] he claims is worth $3,000.  The combined funds in his checking accounts are recorded at $0.  It is simply not credible to assume that Plaintiff has no income or expenses.  Plaintiff left Question 11, which allows a movant to provide additional details about why they "cannot pay the costs" of the proceedings, blank.  On another filed document, [ECF No. 3], Plaintiff lists his mailing address at what appears to be a residence in San Diego.  The Court needs additional details about Plaintiff's financial situation (for example, whether Plaintiff supplements his lack of income with any state-provided benefits).  Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

Additionally, the facts alleged by Plaintiff appear to have occurred in Monterey County, California, which is in the Northern District of California (the location of Soledad State Prison).  *See* Fed. R. Evid. 201.  Venue (the judicial district where this lawsuit can be decided) is proper in:

> 1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  When a case is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Plaintiff has not identified where Sergeant Hink, Unidentified Officer 1, Unidentified Officer 2, or "Captain" reside.  Should this case proceed, if Plaintiff cannot identify a single known defendant (such as Sergeant Hink) that resides in the Southern District of California (which is limited to San Diego and Imperial Counties), the Court may be forced to dismiss this case or transfer Plaintiff's lawsuit to the Northern District of California.

## II.   Conclusion

Plaintiff's application to proceed IFP [ECF No. 2] is **DENIED without prejudice**.  Plaintiff shall have until **Sept. 20, 2024** to either pay the filing fee, or file a new motion to proceed IFP that is signed under penalty of perjury and provides with "particularity, definiteness, and certainty" the requested information (such as additional details in Question 11).  If the filing fee is not paid or a renewed motion to proceed IFP is not filed by Sept. 20, 2024, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.  Plaintiff's motion for appointment of civil counsel is **denied** as moot and without prejudice.  [ECF No. 3.]

Dated:  August 30, 2024

Hon. Cathy Ann Bencivengo
United States District Judge